UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC BANK USA AS TRUSTEE FOR FRIEDMAN BILLINGS RAMSEY GROUP INC. (FBR) SECURITIZATION NAME – FBR 2005-1 | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 3411 |
| v. | ) ) ) | Judge Zagel Magistrate Cox |
| REYNA ESPINOZA, *et. al.*, | ) ) | |
| Defendants. | ) ) ) | |

**FEDERAL DEFENDANT'S MOTION**
**TO BE DISMISSED FROM FORECLOSURE CASE**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois and pursuant to Rule 12(b)(1), Fed. Rules Civil Proc., moves to be

dismissed from this mortgage foreclosure case.  In support thereof, the United States submits the

attached memorandum of law.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

/s/ Joel Nathan
JOEL NATHAN (ARDC 2019566)
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8449

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC BANK USA AS TRUSTEE FOR | ) | |
| FRIEDMAN BILLINGS RAMSEY GROUP | ) | |
| INC. (FBR) SECURITIZATION NAME – | ) | |
| FBR 2005-1 | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 3411 |
| v. | ) | Judge Zagel |
| | ) | |
| REYNA ESPINOZA, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**FEDERAL DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO BE DISMISSED**

**Introduction**

The United States moves for its dismissal from HSBC Bank USA's foreclosure case.  For lack of a waiver of the Government's sovereign immunity, HSBC Bank USA's  claim to terminate the  federal title in the subject property should be dismissed.

**Background**

On May 14,  2008, HSBC Bank USA ("HSBC") filed this mortgage foreclosure of  the real property commonly known as 8547 South Kedvale Avenue, Chicago, Illinois. ("the Chicago Property").  (Complaint at ¶3(I)).  HSBC made Reyna Espinoza a defendant, alleging she held ownership of,  granted a mortgage in, and was in possession of the Chicago Property.  (Complaint, ¶¶3(C) and (K).  The United States was joined as a defendant, ". . . by virtue of a forfeiture agreement. . ."  (Complaint ¶ 3(L)).

On March 31, 2006,  a criminal complaint had been filed in the criminal case against Angel Flores and others.  (Exhibit "A" (Doc 1)).  On April 6, 2006, to gain the release from custody of

Angel Flores, Reyna Espinoza entered into the forfeiture agreement with the Government, posting her ownership of the Chicago Property as security for Angel Flores' release bond of $295,000. (Exhibit "B")   On April 18, 2006, the forfeiture agreement was  approved by the court in the criminal proceeding, *United States v. Angel Flores*, 06 CR 222, United States District Court, Northern District of Illinois, case 06 CR 222. (Exhibit "A" (Doc 24)).

The forfeiture agreement provided that upon default of the release bond, Reyna Espinoza agreed to quit claim her title to the Chicago Property to the United States in order for the Government to recover the $295,000 due under the bond.  (Exhibit "B" ¶ 3).  On July 19, 2007, the forfeiture agreement was recorded by the Cook County Recorder of Deeds for Cook County, Illinois, as document 0720044030. *Id.*

On or about September 11, 2007, the court in the Criminal Case revoked Angel Flores' release bond and declared his release bond forfeited.  (Exhibits "A" (Doc 83)  and "C" ¶ (d) at 2 (Doc 102)) In addition, the court entered a money judgment of $295,000 against Reyna Expinoza, directed the Court's clerk to deliver to the United States the quit claim deed to the Chicago Property, and authorized the United States Marshal to sell the property and others to recovery on the $295,000 bond. *Id.*

Almost three months the United States acquired the ownership of the Chicago Property, HSBC commenced this mortgage foreclosure case.  On June 13, 2008, less than thirty days after being served with HSBC's summons and complaint, the United States removed this foreclosure case from the Circuit Court of Cook County, Illinois.

**Argument**

*Standard for Motions Under Federal Rule 12(b)(1)*

In ruling on a motion to dismiss under Rule 12(b)(1),  Fed. Rules Civ. Proc., "(T)he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999  F.2d 188, 191 (7th Cir. 1993).   Such evidence on the issue of jurisdiction can be supplied by the court taking judicial notice of publicly recorded documents.   *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir.1997).   The Criminal Case's docket, forfeiture agreement,  and the Criminal Case court's orders are publicly recorded documents to which judicial notice can be taken  *Id.*

A federal court's removal jurisdiction, under 28 U.S.C. § 1442, is derivative of the state court's original jurisdiction.  *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir.1994).   Thus, if the state court lacked jurisdiction, then the removal of a case cannot confer subject matter jurisdiction. *Id.*; *Cummings v. United States*, 658 F.2d. 289, 291 (5th Cir. 1981); *Key v. Wise*,  629 F.2d 1049, 1057 (5th Cir. 1980);  *McClellan v. Kimball,* 623 F.2d 83, 86 (9th Cir. 1980).  Moreover, ". . . the  federal court acquires no jurisdiction, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards*, 43 F.3d at 316.  Since the Circuit Court of Cook County lacked jurisdiction, the removal of HSBC's case did not confer subject matter jurisdiction on this District Court.  *Edwards*, 43 F.3d at 316; *Cummings*, 648 at 291; *Key*, 629 F.2d at 1057; *McClellan*, 623 F.2d at  86.

<u>*No Waiver of the United States' Sovereign Immunity Exists.*</u>

In essence, HSBC's foreclosure complaint seeks the termination of the United States'

ownership interest in the Chicago Property.  See 735 ILCS §§ 5/15-1504(e) and 15-1509(c).  As no waiver of sovereign immunity exists affording a state court jurisdiction to terminate the Government's title, HSBC's case against the United States must be dismissed.

The United States cannot be sued without its consent, and when consent is given, the terms of that consent limit the scope of the court's jurisdiction.  See *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mottaz*, 476 U.S. 834, 841 (1986).  "When Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

The only waiver of sovereign immunity permitting the foreclosure of the Government's interests in a state court is provided by 28 U.S.C. § 2410.  However, § 2410's waiver is limited to a foreclosure of property on which ". . . the United States **has or claims a mortgage or other lien**." (**Emphasis Added**) 28 U.S.C. § 2410(a).  Section 2410 does not waive the government's sovereign immunity when the government is in title to subject property.  See *Harrell v. United States,* 13 F.3d 232, 234 (7th Cir.1993); *Dunn & Black v. United States*, 2007 WL 1989364*4-6 (9th Cir. 2007) (citing *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir.1992) and *Bertie's Apple Valley Farms v. United States*, 476 F.2d 291, 292 (9th Cir. 1970)); and *Sissman v. Chicago Title & Trust Co.*, 375 Ill. 514 (1941).  Furthermore, since waivers of sovereign immunity are strictly construed, the United States interest in the subject property must be plainly classifiable as a mortgage or other lien. *Haggard v. Lancaster*, 320 F. Supp. 1252, 1254 (N. D. Miss.1970).

To be plainly classifiable as a mortgage or other lien, the interest must be a security for some debt or charge and nothing else.  *Reeves v. United States*, 217 F. Supp. 939, 940 (D.C.Or.1963).  In

*Reeves,* because the government's leasehold interest and land use restriction did not secure a debt or charge, those interests were not plainly classifiable as a mortgage or other lien, and therefore, *Reeves'* quiet title claim did not satisfy the conditions of § 2410 for a waiver of sovereign immunity. *Reeves*, 217 F. Supp. at 940. Similarly, in *Haggard*, where the government's right of access and possession of land were not plainly classifiable as a claim of mortgage or other lien, no waiver of sovereign immunity existed to enjoin the issuance of a building permit to the government under § 2410. *Haggard*, 320 F. Supp. at 1255; See also *Zager v. United States*, 256 F. Supp 396 (E.D. Wis. 1966).

Obviously, the United States' ownership interest in the Chicago Property is not being plainly classifiable as a "mortgage or other lien", is not entitled to a waiver under § 2410. On March 4, 2008, when the court directed the court's clerk to deliver a quit claim deed to the Chicago Property to the United States and authorized the United States Marshal to sell the property for the benefit of the Government, ownership of the Chicago Property was transferred to the United States. (Exhibit "C" ¶¶ 2 and 3 at 5 (Doc 102)). About three months after the United States acquired an ownership interest in the Chicago Property, HSBC filed this case to terminate the United States' title. Since no waiver of immunity exists that permits the state court to exercise jurisdiction over the United States' ownership in the Chicago Property, the United States must be dismissed. *Bertie's Apple Valley Farms,* 476 F.2d at 292.

**Conclusion**

For the foregoing reasons, the United States should be dismissed from HSBC's foreclosure complaint.

PATRICK J. FITZGERALD
United States Attorney

/s/ Joel Nathan
JOEL NATHAN (ARDC 2019566)
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8449

6

BROWN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CRIMINAL DOCKET FOR CASE #: 1:06-cr-00222-2

Case title: USA v. Macias et al                    Date Filed: 05/25/2006

Assigned to: Honorable Blanche M. Manning

**Defendant (2)**

**Angel Flores**                          represented by   **Edward Michael Shishem**
                                                           53 West Jackson
                                                           Suite 1650
                                                           Chicago, Il 60604
                                                           (312)362-0123
                                                           Email: e1117@aol.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: Retained*

                                                           **Eugene Steingold**
                                                           Attorney at Law
                                                           111 West Washington
                                                           Suite 1051
                                                           Chicago, IL 60602
                                                           (312) 726-1060
                                                           Email: steingoldlaw@mac.com
                                                           *TERMINATED: 04/06/2006*
                                                           *LEAD ATTORNEY*
                                                           *Designation: CJA Appointment*

                                                           **Gal Pissetzky**
                                                           Pissetzky, Berliner & Zhitnitsky
                                                           53 West Jackson Boulevard
                                                           Suite 1403
                                                           Chicago, IL 60604
                                                           (312) 566-9900
                                                           Email: gpissetzky@comcast.net
                                                           *ATTORNEY TO BE NOTICED*

**Pending Counts**                                         **Disposition**

CONSPIRACY TO POSSESS
CONTROLLED SUBSTANCE
(1)

CONSPIRACY TO DISTRIBUTE



CONTROLLED SUBSTANCE 18:2
Aiding & Abetting
(2)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 21:841A=NP.F Knowingly and intentionally possess with the intent to distribute and to distribute a controlled substance, a schedule II narcotic drug controlled substance | |

**Plaintiff**

USA                                    represented by  **AUSA**
                                                       United States Attorney's Office, NDIL
                                                       219 South Dearborn Street
                                                       Suite 500
                                                       Chicago, IL 60604
                                                       (312) 353-5300
                                                       Email: USAILN.ECFAUSA@usdoj.gov
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Pretrial Services**
                                                       .
                                                       435-5545
                                                       Email:
                                                       ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov

                                                       *ATTORNEY TO BE NOTICED*

                                                       **Probation Department**
                                                       .
                                                       408-5197
                                                       Email: Intake_Docket_ILNP@ilnp.uscourts.gov
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Tinos Diamantatos**
                                                       United States Attorney's Office (NDIL)
                                                       219 South Dearborn Street
                                                       Suite 500
                                                       Chicago, IL 60604

(312)353-5300
Fax: (312)353-2067
Email: tinos.diamantatos@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2008 | 102 | AGREED Settlement Order as to bond forfeiture proceedings relating to real properties regarding Angel Flores 101 (Redacted Image). Signed by Judge Blanche M. Manning on 3/4/08. (yap, ) (Entered: 03/10/2008) |
| 03/04/2008 | 101 | MINUTE entry before Judge Blanche M. Manning as to Angel Flores: Enter Agreed Settlement Order as to bond forfeiture relating to real properties (Redacted Image). Mailed notice (yap, ) (Entered: 03/10/2008) |
| 09/11/2007 | 86 | ATTORNEY Appearance for Reyna Espinoza by Gal Pissetzky (yap, ) (Entered: 09/14/2007) |
| 09/11/2007 | 85 | ATTORNEY Appearance for Soledad Espinoza by Gal Pissetzky (yap, ) (Entered: 09/14/2007) |
| 09/11/2007 | 84 | ORDER Declaring Forfeiture of the Bond as to Angel Flores 83 Signed by Judge Blanche M. Manning on 9/11/07. (yap, ) (Entered: 09/14/2007) |
| 09/11/2007 | 83 | MINUTE entry before Judge Blanche M. Manning as to Angel Flores: Government's motion for declaration of bond forfeiture 80 is granted. Enter Order declaring forfeiture of the bond. Mailed notice (yap, ) (Entered: 09/14/2007) |
| 09/06/2007 | 82 | MINUTE entry before Judge Blanche M. Manning as to Angel Flores:Motion hearing held. Governments motion for declaration of bond forfeiture 80 is entered and continuedto 9/11/2007 at 11:00 a.m. Gal Pissetzky granted leave to file his appearance on behalf of Reyna Espinozaand Soledad Espinoza, who are not parties to this case, but whose property secured the bond for thedefendant, and is the subject of the forfeiture.Mailed notice (yap, ) (Entered: 09/07/2007) |
| 08/29/2007 | 81 | NOTICE of Motion by Tinos Diamantatos for presentment of motion for forfeiture 80 before Honorable Blanche M. Manning on 9/6/2007 at 11:00 AM. (Diamantatos, Tinos) (Entered: 08/29/2007) |
| 08/29/2007 | 80 | MOTION by USA for forfeiture as to Angel Flores *Government's Motion for Declaration of Bond Forfeiture* (Attachments: # 1 Exhibit Defendant Flores Bond Conditions)(Diamantatos, Tinos) (Entered: 08/29/2007) |
| 07/17/2007 | 77 | MINUTE entry before Judge Blanche M. Manning as to Angel Flores: Case called for status hearing. Defendant failed to appear. Order bench warrant to issue as to Angel Flores for failure to appear. Mailed notice (yap, ) (Entered: 07/20/2007) |
| 07/16/2007 | 74 | MINUTE entry before Judge Blanche M. Manning :as to Julio Macias, Angel Flores, Jose Lopez, Hearing on defendant Lopez's motion to suppress 42 is stricken. Status hearing as to all defendants reset for new time on 7/17/2007 at 11:00 AM. Excludable time set forth in the previous order of 6/4/2007 remains as the date for the hearing has not changed.Mailed notice (rth, ) (Entered: 07/16/2007) |

| 05/31/2007 | 72 | MINUTE entry before Judge Blanche M. Manning :as to Julio Macias, Angel Flores, Status hearing held on 5/31/2007. Status hearing set for 7/17/2007 at 09:30 AM. Time excluded to 7/17/2007 pursuant to 18:3161 (h)(8)(B)(i).Mailed notice (rth, ) (Entered: 06/04/2007) |
|---|---|---|
| 05/17/2007 | 70 | MINUTE entry before Judge Blanche M. Manning :as to Julio Macias, Angel Flores, Jose Lopez ; Time excluded to 5/31/2007 pursuant to 18:3161 (h)(8)(B)(i). Mailed notice (rth, ) (Entered: 05/17/2007) |
| 05/17/2007 | 69 | MINUTE entry before Judge Blanche M. Manning :as to Julio Macias, Angel Flores, Jose Lopez, Excludable started Status hearing set for 5/31/2007 at 11:00 AM. Parties are directed to appear at the next status hearing to set further dates.Mailed notice (rth, ) (Entered: 05/17/2007) |
| 04/19/2007 | 68 | MEMORANDUM and Order as to Julio Macias, Angel Flores, Jose Lopez Signed by Judge Blanche M. Manning on 4/19/07. (yap, ) (Entered: 04/23/2007) |
| 04/19/2007 | 67 | MINUTE entry before Judge Blanche M. Manning as to Julio Macias, Angel Flores, Jose Lopez:Defendants' motion to suppress [51-1] is denied. Defendants' motion to suppress [47-1] is denied in parted. Lopez is entitled to ahearing on his motion to suppress his post-arrest statements to police [42-1], after which the court will rule on his motion. Rulingdeferred on Flores' motion to sever [40-1] until after it rules on whether Lopez's post-arrest statement should be suppressed.Lopez's motions to preserve agents' notes [44-1] and for the immediate disclosure [43-1] are denied as moot. Lopez's motion forimmediate notice of the government's intent[45-1] is denied. Parties shall contact the courtroom deputy as soon as possible toschedule the suppression hearing. Status hearing set for 4/27/07 is stricken. Any other necessary dates will be scheduled at theclose of the suppression hearing. Enter Memorandum and Order. Mailed notice (yap, ) (Entered: 04/23/2007) |
| 03/06/2007 | 61 | MINUTE entry before Judge Blanche M. Manning :Status Hearing as to Julio Macias, Angel Flores, Jose Lopez held on 3/6/2007. Status hearing set for 4/27/2007 at 10:00 AM. Jose Lopez to file reply to pretrial motion by 3/9/2007. Time excluded to 4/27/2007 pursuant to 18:3161 (h)(8)(B)(i).Mailed notice (rth, ) (Entered: 03/06/2007) |
| 02/26/2007 | 60 | NOTICE of Filing as toJulio Macias, Angel Flores regarding reply 59 (Shobat, Steven) (Entered: 02/26/2007) |
| 02/26/2007 | 59 | REPLY by Julio Macias, Angel Flores to response to motion,,, 56 (Shobat, Steven) (Entered: 02/26/2007) |
| 02/20/2007 | 58 | MINUTE entry before Judge Blanche M. Manning :Status Hearing as to Angel Flores, Jose Lopez held on 2/20/2007. Status hearing set for 3/6/2007 at 11:00 AM. Time excluded to 3/6/2007 pursuant to 18:3161 (h)(8)(B)(i).Mailed notice (rth, ) (Entered: 02/26/2007) |
| 01/30/2007 | 56 | RESPONSE by USA as to Julio Macias, Angel Flores, Jose Lopez regarding MOTION by Jose Lopez to produce *404(b) evidence* 45 , MOTION by Jose Lopez for preservation of agent`s notes 44 , MOTION by Angel Flores to adopt as to Julio Macias, Angel Flores 49 , MOTION by Jose Lopez to suppress *statements* 42 , MOTION by Julio Macias, Angel Flores to suppress *Search of Dodge Caravan in California* 51 , |

| | | MOTION <u>47</u> , MOTION by Jose Lopez for discovery *of favorable evidence* 43 , MOTION by Angel Flores to sever defendant <u>40</u> , MOTION by Jose Lopez to adopt *motions of co-defendants* 41 Government's Consolidated Response to Defendants' Motions to Suppress Evidence and Other Pretrial Motions (Attachments: # <u>1</u> Exhibit Bill of Lading# <u>2</u> Exhibit Search Warrant# <u>3</u> Exhibit Residence Consent# <u>4</u> Exhibit Miranda Waivers# <u>5</u> Exhibit SA Taylor Report# <u>6</u> Exhibit SA Dickey Report# <u>7</u> Exhibit SA Williams Report)(Diamantatos, Tinos) (Entered: 01/30/2007) |
|---|---|---|
| 01/17/2007 | <u>55</u> | MINUTE entry before Judge Blanche M. Manning as to Julio Macias, Angel Flores, Jose Lopez:Status hearing reset to 2/20/2007 at 11:00 a.m. By agreement, briefing schedule on pretrial motionsextended. Government's responses to be filed by 1/29/2007. Replies to be filed by 2/14/2007. Time excludedto 2/20/2007 pursuant to 18:3161 (h)(8)(B)(I). Mailed notice (yap, ) (Entered: 01/17/2007) |
| 11/15/2006 | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Julio Macias, Angel Flores, Jose Lopez MOTION <u>51</u> , MOTION <u>49</u> , MOTION <u>47</u> , MOTION by Jose Lopez for discovery *of favorable evidence* 43 , MOTION by Jose Lopez to adopt *motions of co-defendants* 41 , MOTION by Jose Lopez for preservation of agent`s notes 44 , MOTION by Jose Lopez to suppress *statements* 42 , MOTION by Jose Lopez to produce *404(b) evidence* 45 . Responses due by 12/29/2006 Replies due by 1/9/2007. (yap, ) (Entered: 11/16/2006) |
| 11/15/2006 | <u>54</u> | MINUTE entry before Judge Blanche M. Manning as to Julio Macias, Angel Flores, Jose Lopez: Status hearing reset to 1/18/2007 at 11:00 a.m. By agreement, briefing schedule on pretrial motions extended. Government's responses to be filed by 12/29/2006. Replies to be filed by 1/9/2007. Time excluded to 1/18/2007 pursuant to 18:3161 (h)(8)(B)(i). Mailed notice (yap, ) (Entered: 11/16/2006) |
| 11/03/2006 | <u>53</u> | MEMORANDUM by Julio Macias, Angel Flores in support of MOTION by Julio Macias, Angel Flores to suppress *Search of Dodge Caravan in California* 51 (Shobat, Steven) (Entered: 11/03/2006) |
| 11/03/2006 | <u>52</u> | NOTICE of Filing as to Julio Macias, Angel Flores regarding MOTION by Julio Macias, Angel Flores to suppress *Search of Dodge Caravan in California* 51 (Shobat, Steven) (Entered: 11/03/2006) |
| 11/03/2006 | <u>51</u> | MOTION by Julio Macias, Angel Flores to suppress *Search of Dodge Caravan in California* (Attachments: # <u>1</u> Exhibit Supporting Affidavits) (Shobat, Steven) (Entered: 11/03/2006) |
| 11/01/2006 | <u>50</u> | CERTIFICATE of Service *Notice of Filing* by Edward Michael Shishem on behalf of Angel Flores regarding MOTION by Angel Flores to suppress as to Julio Macias, Angel Flores <u>47</u> , brief <u>48</u> , MOTION by Angel Flores to adopt as to Julio Macias, Angel Flores 49 (Shishem, Edward) (Entered: 11/01/2006) |
| 11/01/2006 | <u>49</u> | MOTION by Angel Flores to adopt as to Julio Macias, Angel Flores (Shishem, Edward) (Entered: 11/01/2006) |
| 11/01/2006 | <u>48</u> | Brief by Angel Flores as to Julio Macias, Angel Flores regarding motion to suppress <u>47</u> (Shishem, Edward) (Entered: 11/01/2006) |

| 11/01/2006 | 47 | MOTION by Angel Flores to suppress as to Julio Macias, Angel Flores (Attachments: # 1)(Shishem, Edward) (Entered: 11/01/2006) |
| 10/31/2006 | 40 | MOTION by Angel Flores to sever defendant (Shishem, Edward) (Entered: 10/31/2006) |
| 10/31/2006 | 39 | NOTICE of of Filing as to Angel Flores (Shishem, Edward) (Entered: 10/31/2006) |
| 10/10/2006 | 38 | MINUTE entry before Judge Blanche M. Manning as to Julio Macias, Angel Flores, Jose Lopez: Status hearing held and continued to 12/19/06 at 11:00 a.m. Defendants' oral motion for extension of time to file pretrial motions is granted. Pretrial motions to be filed by 10/31/06. Responses to be filed by 11/14/06. Replies to be filed by 11/22/06. This is a final extension. Time excluded to 12/19/06 pursuant to 18:3161 (h)(1)(F. Mailed notice (yap, ) (Entered: 10/13/2006) |
| 10/10/2006 | | ORAL MOTION by defendants Julio Macias, Angel Flores, Jose Lopez for extension of time to file pretrial motions (yap, ) (Entered: 10/13/2006) |
| 08/24/2006 | 37 | MINUTE entry before Judge Blanche M. Manning as to Julio Macias (1), Angel Flores (2), Jose Lopez (3); Status hearing held and continued to 10/10/06 at 11:00 a.m. Defendants' oral motion for extension of time to file pretrial motions [] is granted. Pretrial motions to be filed by 9/14/06. Responses to be filed by 9/28/06. Replies to be filed by 10/6/06. Time excluded to 10/10/06 pursuant to 18:3161 (h)(1)(F). Mailed notice (yap, ) (Entered: 08/28/2006) |
| 08/24/2006 | | ORAL MOTION by Julio Macias, Angel Flores, Jose Lopez for extension of time to file pretrial motions (yap, ) (Entered: 08/28/2006) |
| 08/02/2006 | 36 | MINUTE entry before Judge Blanche M. Manning as to Julio Macias, Angel Flores, Jose Lopez: Status hearing reset to 8/24/06 at 11:00 a.m. Deadline for filing pretrial motions extended to 8/24/06. Responses to be filed by 9/7/06. Replies to be filed by 9/14/06. Time excluded to 8/24/06 pursuant to 18:3161 (h)(1)(F). Mailed notices (yap, ) (Entered: 08/03/2006) |
| 06/27/2006 | 35 | MINUTE entry before Judge Blanche M. Manning as to Julio Macias (1), Angel Flores (2), Jose Lopez (3); Status hearing held and continued to 8/3/06 at 11:00 a.m. Deadline for filing pretrial motions extended to 8/3/06. Responses to be filed by 8/17/06. Replies thereafter, if necessary. Defendants' oral motion for early return of trial subpoenas is granted as to defendants and government. Time excluded to 8/3/06 pursuant to 18:3161 (h)(8)(B)(i). Mailed notice (yap, ). (Entered: 06/30/2006) |
| 06/27/2006 | | ORAL MOTION by Julio Macias, Angel Flores, Jose Lopez for early return of trial subpoenas (yap, ) (Entered: 06/30/2006) |
| 06/21/2006 | 34 | TRANSCRIPT of proceedings for the following dates: 4/6/06, 4/18/06; Before the Honorable Geraldine Soat Brown as to Julio Macias, Angel Flores, Jose Lopez (2 vols: 34-1 through 34-2). (yap, ) (Entered: 06/22/2006) |
| 06/06/2006 | 32 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: Arraignment held. Defendant informed of his rights. Defendant waives formal reading of indictment. Defendant enters plea of not guilty to each |

|  |  | charge and all counts of the Indictment. Rule 16.1(A) conference to be held on or before 06/12/06. Pretrial motions shall be filed on or before 06/26/06. Response to pretrial motions shall be filed on or before 07/10/06. Reply to pretrial motions shall be filed on or before 07/24/06. Status hearing before Judge Manning in courtroom 2125 is set for 06/27/06 at 11:00 a.m. On the government's motion and the defendant not objecting, the court finds that the time until the status before the District Judge shall be excluded pursuant to 18 U.S.C. @ 3161(h)(1) and U.S. v. Tibboel, 753 F.2d 608 Mailed notice (yap, ) (Entered: 06/06/2006) |
|---|---|---|
| 05/30/2006 |  | Set/Reset Deadlines/Hearings as to Julio Macias, Angel Flores, Jose Lopez 0 (yap, ) (Entered: 06/02/2006) |
| 05/26/2006 | 29 | MINUTE entry before Judge Martin C. Ashman as to Julio Macias, Angel Flores, Jose Lopez : No bond set; detained by Magistrate as to Julio Macias. Bond set by Magistrate to stand as bond in this instance as to Angel Flores and Jose Lopez. (yap, ) (Redacted Image). (Entered: 05/26/2006) |
| 05/25/2006 | 28 | DESIGNATION Sheet: FELONY (Category 2). (yap, ) (Entered: 05/26/2006) |
| 05/25/2006 | 27 | INDICTMENT as to Julio Macias (1) count(s) 1, 2, Angel Flores (2) count(s) 1, 2, Jose Lopez (3) count(s) 1, 2 (yap, ) (Entered: 05/26/2006) |
| 04/18/2006 | 25 | SECURED by real property Bond as to Angel Flores in amount of $ $295,000.00, Receipt # 10716555 (Redacted Image). (yap, ). (Entered: 04/21/2006) |
| 04/18/2006 | 24 | ORDER Setting Conditions of Release as to Angel Flores (2) $295,000.00 secured by real property (Redacted Image). Signed by Judge Geraldine Soat Brown on 4/18/06. (yap, ). (Entered: 04/21/2006) |
| 04/18/2006 | 22 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: Detention hearing held. Government's oral motion to detain the defendant pending trial [] is denied. Enter Order Setting Conditions of Release. Mailed notice (yap, ) (Entered: 04/19/2006) |
| 04/18/2006 |  | ORAL MOTION by USA to detain the defendant pending trial (yap, ) Modified on 4/19/2006 (yap, ). Modified on 4/19/2006 (yap, ). (Entered: 04/19/2006) |
| 04/17/2006 | 21 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: The minute order dated 04/13/06 is amended as follows: Detention hearing held and continued to 04/18/06 at 4:00 p.m. Defendant to remain in custody. Mailed notice (yap, ) (Entered: 04/18/2006) |
| 04/13/2006 | 17 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: Detention hearing held and continued to 04/18/06 at 4:00 p.m. Defendant to remain in custody. Mailed notice (yap, ) (Entered: 04/14/2006) |
| 04/06/2006 | 13 | ATTORNEY Appearance for defendant Angel Flores by Edward Michael Shishem (yap, ) (Entered: 04/11/2006) |
| 04/06/2006 | 7 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: Eugene Steingold is given leave to withdraw his appearance and Edward Shishem is given leave to appear on behalf of defendant Angel Flores. |

| | | |
|---|---|---|
| | | Detention hearing held and continued to 04/13/06 at 2:00 p.m. for consideration of proposed release. Preliminary examination hearing held. The court finds probable cause and orders the defendant bound to the District Court for further proceedings. Defendant will remain in custody pending detention hearing or until further order of the court. Mailed notice (yap, ) (Entered: 04/10/2006) |
| 03/31/2006 | 4 | ATTORNEY Appearance for defendant Angel Flores by Eugene Steingold (yap, ) (Entered: 04/04/2006) |
| 03/31/2006 | 3 | MINUTE entry before Judge Geraldine Soat Brown as to Angel Flores: Initial Appearance proceedings held. Defendant Angel Flores appears in response to arrest on 3/30/06. Defendant informed of his rights. Enter Order appointing Eugene Steingold from the Federal Defender Panel as counsel for defendant for initial appearance only. Detention hearing and preliminary examination to be held on 4/6/06 at 2:45 p.m. Defendant to remain in custody. Mailed notice (yap, ) (Entered: 04/04/2006) |
| 03/31/2006 | | ARREST of defendant Angel Flores (yap, ) (Entered: 04/04/2006) |
| 03/31/2006 | 1 | COMPLAINT signed by Judge Geraldine Soat Brown as to Julio Macias (1), Angel Flores (2), Jose Lopez (3) (yap, ) (Entered: 04/03/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/19/2008 11:44:40 | | |
| PACER Login: | du1064 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:06-cr-00222 |
| Billable Pages: | 5 | Cost: | 0.40 |

Doc#:  0720044030 Fee: $28.00
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 07/19/2007 01:03 PM Pg: 1 of 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
                             )    No. 06 CR 222
        v.                   )    Magistrate Judge Brown
                             )
ANGEL FLORES                 )

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on April 6, 2006, and

for and in consideration of bond being set by the Court for defendant ANGEL FLORES in the

amount of $295,000.00 being  secured by real property, **REYNA ESPINOZA (GRANTOR)**

hereby warrants and agrees:

1.    Reyna Espinoza  warrants that she is the sole record owner and titleholder of the real

property located at 8547 S. Kedvale, Chicago, Illinois, and described legally as follows:

> The Southerly 40 Feet of Lot 7 in Block 19 in Frederick H. Bartlett's City of Chicago
> Subdivision of Lots 2 and 3 in Assessor's Subdivision of Section 34, Township 38
> North, Range 13, East of the Third Principal Meridian (Except that part of the East
> 129 Feet of the West ½ of the Southwest 1/4 of Section 34 as lies in said Lot 3 and
> Except Railroad) in Cook County, Illinois.

> P.I.N:  19-34-421-032-0000

Reyna Espinoza warrants that there is only one outstanding mortgage against the subject property with

Chase, account number 0020089041, with an outstanding balance of $202,839.53 and that her

equitable interest in the real property approximately equals $137,000.00.

2.    Reyna Espinoza  agrees the $137,000.00, being all of  her equitable interest in the


GOVERNMENT
EXHIBIT
B

above-described real property, shall be forfeited to the United States of America, should the defendant Angel Flores fail to appear as required by the Court or otherwise violate any condition of the Court's order of release. Reyna Espinoza has received a copy of the Court's release order and understands its terms and conditions. Further, the surety understands that the only notice she will receive is notice of court proceedings.

3. Reyna Espinoza further agrees to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. Reyna Espinoza understands that should defendant Angel Flores fail to appear or otherwise violates any condition of the Court's order of release, the United States will obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4. Reyna Espinoza further agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5. Reyna Espinoza further understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant Angel Flores she is subject to a felony prosecution for making false statements and making a false declaration

under penalty of perjury. Reyna Espinoza agrees that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.     Reyna Espinoza hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: April 6, 2006

_____
REYNA ESPINOZA
Surety/Grantor

Date: April 6, 2006

_____
Witness

**Return to:**
Ann Bissell, US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

3

*MHW*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA        )
                                )        No.   06 CR 222
                v.              )
                                )        Judge Blanche M. Manning
ANGEL FLORES                    )

AGREED SETTLEMENT ORDER AS TO BOND FORFEITURE PROCEEDINGS
RELATING TO REAL PROPERTIES

This matter coming before the Court on the agreed settlement order of the

parties and the Court being fully advised, finds as follows:

(a)     On March 31, 2006,  a complaint was filed charging defendant Angel

Flores with violations of the Controlled Substances Act pursuant to the provisions 21 U.S.C.

§§ 841(a)(1) and 846. Defendant Flores was arrested the same day on the charges;

(b)     After the government's motion for pre-trial detention was denied, on or about

April 18, 2006, an order was entered by the magistrate judge directing the release of

defendant Angel Flores on bond in the amount of $295,000, subject to other conditions. The

release order was secured by equity in certain real properties owned by the sureties Soledad

Espinoza and Reyna Espinoza.  Specifically, Soledad Espinoza agreed to secure the bond for

the defendant's release with the equity in her real property

in Chicago, Illinois described legally below.  Further, Reyna Espinoza agreed to secure the

bond for the defendant's release with the equity in her real property

in Chicago, Illinois:



### (A) 3510 S. California Avenue, Chicago, Illinois

Parcel One: Lot 5 in Block 1 in Gross and Moore subdivision of East ½ of southwest 1/4 of section 36, Township 39 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

Parcel Two: Lot 4 in block 1 in Gross and Moore subdivision of East ½ of southwest 1/4 of section36, Township 39 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

### (B) 8547 S. Kedvale Chicago, Illinois

The Southerly 40 Feet of Lot 7 in Block 19 in Frederick H. Bartlett's City of Chicago Subdivision of Lots 2 and 3 in Assessor's Subdivision of Section 34, Township 38 North, Range 13, East of the Third Principal Meridian (Except that part of the East 129 Feet of the West ½ of the Southwest 1/4 of Section 34 as lies in said Lot 3 and Except Railroad) in Cook County, Illinois.

0

(c)     Each surety executed a forfeiture agreement that set forth their obligations. Moreover, each surety was advised that the failure of defendant Angel Flores to comply with the conditions of the release would result in the entry of a judgment against them that the government would seek to satisfy through the sale of the real properties that each surety posted to secure the defendant's release on bond.

(d)     On or about July 17, 2007, defendant Angel Flores failed to appear as directed and a bench warrant was issued for his arrest. Because defendant Flores remains a fugitive, on or about August 29, 2007, the United States filed a motion pursuant to Fed.R.Crim.P. 46 requesting that the bond be declared forfeit. On or about September 11, 2007, this Court entered an order declaring the bond forfeit as

to defendant Angel Flores leaving a judgment in the amount of $295,000 to be paid. The sureties do not object to the entry of a bond forfeiture judgment in the amount of $295,000.

(e)    The United States and the sureties, Soledad Espinoza and Reyna Espinoza further agree to the entry of a bond forfeiture judgment against in real properties described above and that the bond forfeiture judgment shall be satisfied according the terms of the attached stipulation. The government and the sureties agree that the quit claim deed for the real property                            . held by the Clerk of the District Court shall be released to the United States so that it may be recorded reflecting the transfer of this property to the United States. Until such time as the order is entered and the transfer effectuated, the surety, Soledad Espinoza, shall continue to pay the financial obligations associated with this property, including the mortgage, property taxes and insurance. Upon the recording of the quit claim deed, the United States shall be authorized to dispose of the real property in a commercially reasonable manner according to law and the surety, Soledad Espinoza, shall assist and cooperate in these efforts by executing documents as requested. Prior to the entry of an order approving this settlement, a representative of the United States shall be permitted to inspect the premises to ensure that the real property is vacant and being transferred to settle this matter in suitable condition;

(f)    The United States and sureties further agree that the real property located                            shall be sold to satisfy, in part, the remainder of the bond forfeiture judgment. The government and the sureties agree that the quit claim deed for the real property located                        held by the Clerk of the District Court shall be released to the United

3

States so that it may be recorded reflecting the transfer of this property to the United States. Until such time as the order is entered and the transfer effectuated, the surety, Renya Espinoza, shall continue to pay the financial obligations associated with this property, including the mortgage, property taxes and insurance. Upon the recording of the quit claim deed, the United States shall be authorized to dispose of the real property in a commercially reasonable manner according to law and the surety, Renya Espinoza, shall assist and cooperate in these efforts by executing documents as requested. At the discretion of the United States, prior to the entry of an order approving this settlement, a representative of the United States shall be permitted to inspect the premises to ensure that the real property is vacant and being transferred to settle this matter in suitable condition. Renya Espinoza may continue to reside in          : property until February 27, 2008 as long as the mortgage payments and other financial obligations associated with the real property are satisfied;

(g)     The government agrees that upon the transfer of the real properties and complete compliance with the terms of this stipulation, the responsibility of the sureties for the bond judgment will be satisfied. Should the sureties fail to comply with the terms of this stipulation by not paying the required financial obligations, cooperating in the sale of the real properties, vacating the premises as required or violate any other term, the sureties, Soledad Espinoza and Renya Espinoza, along with defendant Angel Flores shall remain liable for any difference between the $295,000 judgment amount and amount collected from the sale of the real properties on California and Kedvale; accordingly, it is hereby,

ORDERED, DIRECTED and ADJUDGED,

4

(1) A bond forfeiture judgment shall be entered against in real properties described above. It is further ordered,

(2) That the quit claim deed for the real property located at .                        held by the Clerk of the District Court shall be released to the United States so that it may be recorded reflecting the transfer of this property to the United States. Until such time as the order is entered and the transfer effectuated, the surety, Soledad Espinoza, shall continue to pay the financial obligations associated with this property, including the mortgage, property taxes and insurance. Upon the recording of the quit claim deed, the United States shall be authorized to dispose of the real property in a commercially reasonable manner according to law and the surety, Soledad Espinoza, shall assist and cooperate in these efforts by executing documents as requested. It is further ordered,

(3) That the real property located                        shall be sold to satisfy, in part, the remainder of the bond forfeiture judgment. The quit claim deed for the real property located .                        by the Clerk of the District Court shall be released to the United States so that it may be recorded reflecting the transfer of this property to the United States. Until such time as the order is entered and the transfer effectuated, the surety, Renya Espinoza, shall continue to pay the financial obligations associated with this property, including the mortgage, property taxes and insurance. Upon the recording of the quit claim deed, the United States shall be authorized to dispose of the real property in a commercially reasonable manner according to law and the surety, Renya Espinoza, shall assist and cooperate in these efforts by executing documents as requested. It is further ordered

5

(4) That upon the transfer of the real properties and complete compliance with the terms of this stipulation, the responsibility of the sureties for the bond judgment will be satisfied. Should the sureties fail to comply with the terms of this stipulation by not paying the required financial obligations, cooperating in the sale of the real properties, vacating the premises as required or violate any other term, the sureties, Soledad Espinoza and Renya Espinoza, along with defendant Angel Flores shall remain liable for any difference between the $295,000 judgment amount and amount collected from the sale of the real properties on

It is further ordered,

(5) That this Court shall retain jurisdiction of this matter to enter any orders necessary to effectuate the terms and conditions of this bond forfeiture matter.

Enter:

BLANCHE M. MANNING
United States District Judge

Date: 3/4/2008

(6) All parties agree to bear costs and attorney's fees incurred in this matter.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By: 
TINOS DIAMANTATOS

Surety

6

GAL PISSETZKY
Attorney for Sureties

7